**UNITED STATES of America,**

**v.**

**Benjamin SAWYER, Defendant.**

**Cr. No. 92–88–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 18, 1993.

Albert Alberi, Sp. Asst. U.S. Atty., Office of the Com. Atty., Virginia Beach, VA, for the U.S.

Christopher P. Shema, Shema & Shema, P.C., Chesapeake, VA, for defendant.

## ORDER

**REBECCA BEACH SMITH**, District Judge.

This matter comes before the court on defendant's request for transcripts of proceedings other than trial testimony and related court rulings. On August 3, 1993, Christopher P. Shema, newly appointed counsel for defendant, submitted a Transcript Order, together with an "Authorization and Voucher for Payment of Transcript," requesting this court to authorize the transcription of proceedings other than the trial testimony, namely all pre-trial, post-trial, and other subsidiary proceedings. Mr. Shema wishes to review the transcripts of all of these proceedings in order to familiarize himself with the case and to determine whether his client, Benjamin Sawyer, may assert on appeal the ineffective assistance of his previous counsel. Defendant's request is GRANTED in part and DENIED in part.

In *Griffin v. Illinois,* the Supreme Court held that, as a matter of equal protection, an indigent defendant is entitled to a transcript of prior proceedings. 351 U.S. 12, 19, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). However, the court need not provide a transcript in every case where a defendant cannot afford one. According to the Supreme Court, part or all of the transcript in certain cases will not necessarily be germane to issues raised in the appeal, and the government will not be required to furnish a transcript in such circumstances. *Draper v. Washington,* 372 U.S. 487, 495, 83 S.Ct. 774, 778, 9 L.Ed.2d 899 (1963).[1] Absent a showing of some need for the particular transcript, the court need not provide it to the defendant.

In *Hardy v. United States,* the Court indicated that, when a new attorney represents the defendant on appeal, as in the case *sub judice,* that attorney is entitled to a "transcript of the testimony and evidence presented by the defendant and also the court's charge to the jury, as well as the testimony and evidence presented by the prosecution." 375 U.S. 277, 282, 84 S.Ct. 424, 428, 11 L.Ed.2d 331 (1964). Following *Hardy,* the Fourth Circuit, in *United States v. Shoaf,* further articulated the standard the district court should apply, holding that on direct appeal, an indigent defendant is entitled to a transcript of prior proceedings upon a showing of *general need* arising out of his appellate counsel's lack of familiarity with what transpired at the trial. 341 F.2d 832, 835 (4th Cir.1964).

As to transcripts of the information enumerated in *Hardy,* the mere fact that appellate counsel is newly appointed is sufficient to show the requisite need. *Hardy,* 375 U.S. at 280, 84 S.Ct. at 426. In the case *sub judice,* Mr. Shema has already received copies of the trial testimony and related rulings thereon, both in and out of the jury's presence.[2] The court finds that he is entitled, in addition, to receive transcripts of the opening statements of the counsel for defendant and counsel for the United States, closing arguments of both counsel, the jury instructions, voir dire, and the sentencing hearing. As to these items, defendant's request is GRANTED.

Counsel for defendant has also requested transcripts of the opinion of the court, the bail hearing, the detention hearing, the bond review motions, a hearing regarding a note, and all other pre-trial proceedings. As the Fourth Circuit noted in *Shoaf,* the Supreme Court's decision in *Hardy* did not abolish the requirement that defendant show a general need for transcripts of other proceedings. *Shoaf,* 341 F.2d at 835. The court did not issue an opinion in the case and, therefore, cannot grant defendant's request for this item. Because he has failed to demonstrate to this court his need for transcripts of other proceedings, in other words, how they are

---

1. "[T]he fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review." *Id.,* 372 U.S. at 496, 83 S.Ct. at 779.

2. In addition, there are a number of other counsel in the case and Mr. Shema can certainly have benefit of their knowledge, together with the already prepared and filed trial transcripts. Moreover, defendant was present at all proceedings.

relevant to his appeal,[3] defendant's request for transcripts of these proceedings and of any other pre-trial proceeding is DENIED.

It is so ORDERED.

---

**3.** For example, a transcript of defendant's bail hearing can have no possible relevance to any appeal point at this juncture. Any matters concerning his bail or detention are now moot, as defendant was convicted by the jury, sentenced under the Federal Sentencing Guidelines, and received credit for all pre-sentencing incarceration. No prejudice to him whatsoever has occurred as a result of any bail matters. The court simply cannot fathom of what possible relevance the bail hearing and bond review motions are at this point in the case. Another example of irrelevancy is the request for a transcript of a hearing on September 23, 1992, regarding a note, which did not involve this defendant, occurred outside the jury's presence, and involved no matter before the jury or any matter relevant to defendant's conviction.